IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hale K. Johnson, | ) | C/A No. 4:22-cv-2975-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Bank of America Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 49.) Plaintiff Hale K. Johnson ("Plaintiff" or "Johnson") proceeding *pro se* filed this matter against Defendant Bank of America Corporation ("Defendant" or "BOA") seeking to have BOA restore $14,400 to his saving account resulting from fraud and a security breach in the bank's online banking system. Johnson brings this action pursuant to 18 U.S.C. § 1343 and 1344, contending this Court has federal question jurisdiction over this matter. (DE 1.)

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Hence, on

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

September 14, 2022, the Magistrate Judge issued the Report based on a review of the pleadings. The Report recommends that this action be dismissed without prejudice because this Court does not have subject matter jurisdiction over Plaintiff's claims under § 1331. (DE 11, p. 4.) 28 U.S.C. § 1331 provides that: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiff's lawsuit is brought pursuant to criminal provisions of the federal wire statute, 18 U.S.C. § 1343, and a bank fraud statute, 18 U.S.C. § 1344, which cannot establish this court's federal question jurisdiction.[2] (DE 1 at 3.)

Johnson filed a document titled "Objection to Report and Recommendation" (DE 14, pp.1-2); however, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to

---

[2]    As correctly noted in the Report, Plaintiff's citation of federal criminal statutes does not invoke this court's federal question jurisdiction under 28 U.S.C. § 1331 as there is no private cause of action under these statutes. See Tribble v. Reedy, 888 F.2d 1387, *1 (4th Cir.1989) (holding that § 1343 is a "bare criminal statute" and provides no basis for a private right of action); Hilgeford v. National Union Fire Ins. Co. of Pittsburgh, Pa., No. 3:08CV669, 2009 WL 302161, at *4 (E.D. Va. Feb. 6, 2009) ("[T]he bank fraud statute, 18 U.S.C. § 1344, [does not] provide[] Plaintiff a stand-alone civil cause of action."); Williams v. McKinney, C/A No.: 6:06-3465-HFF-WMC, 2008 WL 731124, at *4 (D.S.C. Mar. 18, 2008) ("[Neither 18 U.S.C. § 1343 (relating to wire fraud), [and] 18 U.S.C. § 1344 (relating to bank fraud) . . . provide for a private right of action.").

give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  In evaluating a *pro se* plaintiff's complaint, the Court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Upon review, the Court finds that Plaintiff's objections are non-specific.  However, at best, the Court has gleaned that Johnson objects to the Report's failure to liberally construe his pleadings because he is *pro se* and his pleadings should be read "to state a valid claim on which plaintiff could prevail, . . . ."  (DE 14, p. 2)    The Court agrees that in evaluating a *pro se* plaintiff's complaint, the Court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).  However, no construction here could overcome Plaintiff's jurisdictional deficiency without rewriting Plaintiff's complaint, which Plaintiff is at liberty to do.  Therefore, Plaintiff's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 11) and incorporates it by reference.

Therefore, it is ORDERED that this case be dismissed *without* prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 31, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.